NOT FOR PUBLICATION

FILED

FEB 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALTON TRUCKING, INC.; LOGGERS ASSOCIATION OF NORTHERN CALIFORNIA, INC.; ROBINSON ENTERPRISES, INC.; NUCKLES OIL CO., INC., DBA Merit Oil Company; CALIFORNIA CONSTRUCTION TRUCKING ASSOCIATION, INC.; CONSTRUCTION INDUSTRY AIR QUALITY COALITION; DELTA CONSTRUCTION COMPANY; SOUTHERN CALIFORNIA CONTRACTORS ASSOCIATION, INC.; RON CINQUINI FARMING; UNITED CONTRACTORS, <br><br> Petitioners, <br><br> AMERICAN ROAD & TRANSPORTATION BUILDERS ASSOCIATION, <br><br> Petitioner-Intervenor, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY; GINA MCCARTHY, in her official capacity as Administrator of the | No.   13-74019 <br><br> No. <br> Environmental Protection Agency <br><br><br> MEMORANDUM[*] |

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

USEPA,

        Respondents,

CALIFORNIA AIR RESOURCES
BOARD,

        Respondent-Intervenor.

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted January 22, 2021
Pasadena, California

Before:  TALLMAN and IKUTA, Circuit Judges, and OLIVER,[**] District Judge.

Petitioners (collectively "Dalton") petition for review of a Notice of Decision whereby the Environmental Protection Agency (EPA) granted the request by the California Air Resources Board (CARB) for authorization of its In-Use Off-Road Diesel-Fueled Fleets Regulation (Fleet Requirements).  *See* 78 Fed. Reg. 58,090 (Sept. 20, 2013).  We have jurisdiction under 42 U.S.C. § 7607(b)(1), and we deny the petition for review.

Under the Clean Air Act, the EPA "shall, after notice and opportunity for public hearing, authorize California to adopt and enforce standards and other

---

[**]    The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

requirements relating to the control of emissions from" specified nonroad vehicles or engines "if California determines that California standards will be, in the aggregate, at least as protective of public health and welfare as applicable Federal standards." 42 U.S.C. § 7543(e)(2)(A). However, "[n]o such authorization shall be granted" if the EPA finds that (among other things) "California does not need such California standards to meet compelling and extraordinary conditions," § 7543(e)(2)(A)(ii) (referred to as the "needs test," 78 Fed. Reg. at 58,100).

The EPA was not arbitrary and capricious in declining to find that "California does not need such California standards to meet compelling and extraordinary conditions," § 7543(e)(2)(A)(ii), under the alternative version of the needs test, which requires "a review of whether the Fleet Requirements are per se needed to meet compelling and extraordinary conditions," 78 Fed. Reg. at 58,103. The EPA considered "the relevant factors," *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co., Inc.*, 463 U.S. 29, 42–43 (1983), including statewide air quality, 78 Fed. Reg. 58,104, the state's compliance with federal National Ambient Air Quality standards for ozone and PM2.5 on a statewide basis, *id.* at 58,103–04, the statewide public health benefits, *id.* at 58,104, and the utility of the Fleet Requirements in assisting California to meet its goals, *id.* at 58,110. Contrary to Dalton's argument, the EPA did not limit its review to two of

3

California's fourteen air quality regions. The EPA examined the relevant data provided by CARB, and it articulated a "satisfactory explanation for its action including a rational connection between the facts found and the choice made." *See Motor Vehicle Mfrs. Ass'n of U.S., Inc.*, 463 U.S. at 43 (cleaned up).

Because the EPA has conceded that it must apply the alternative version of the needs test in this context, we need not address Dalton's argument that the EPA may not use the traditional version of the needs test, which requires a review of whether California needs its standards *in the aggregate* to meet compelling and extraordinary conditions, and therefore is easier to satisfy.[1] We conclude, however, that the EPA was also not arbitrary and capricious in declining to find that "California does not need such California standards" under the traditional version of the needs test. *See* 42 U.S.C. § 7543(e)(2)(A)(ii); 78 Fed. Reg. at 58,102.

We reject Dalton's argument that because the EPA failed to give stakeholders an opportunity to comment on its application of the alternative version of the needs test, it committed a procedural error in issuing the Notice of

---

[1] The question whether the alternative version of the needs test is an appropriate interpretation of a provision of the Clean Air Act analogous to § 7543(e)(2)(A) is currently pending before the D.C. Circuit. *Union of Concerned Scientists v. Nat'l Highway Traffic Safety Admin.*, No. 19-1230 (D.C. Cir.).

4

Decision. As required by the Clean Air Act, the EPA provided "notice and an opportunity for public hearing" before issuing the Notice of Decision. *See* 42 U.S.C. § 7543(e)(2)(A); 77 Fed. Reg. 50,500, 50,502 (Aug. 21, 2012). The EPA was free to use informal adjudication to make the determination required under § 7543(e)(2)(A), *see Davis v. U.S. EPA*, 348 F.3d 772, 785 (9th Cir. 2003), and appropriately complied with the informal adjudication requirements imposed by the Administrative Procedure Act in issuing the Notice of Decision. *See* 5 U.S.C. § 555; *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 655 (1990).

**PETITION DENIED.**[2]

---

[2] With this disposition, the panel also **GRANTS** Dalton's unopposed motion to take judicial notice of three proposed exhibits attached to its supplemental brief. *See* Dkt. No. 93.